# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>v.<br><br>Jose Rosario Ahedo-Martinez,<br><br>               Defendant. | Case No. 12-cr-39 (SRN)<br><br>**MEMORANDUM OPINION AND ORDER** |

Andrew S. Dunne, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff United States of America.

Andrew H. Mohring, Office of the Federal Defender, 107 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

      This matter came before the Court on Defendant Jose Rosario Ahedo-Martinez's Motion to Withdraw Plea for Limited Purpose of Assessing Legality of Prior Deportation. (Doc. No. 27.)  For the reasons that follow, the Court defers ruling on Defendant's Motion pending a determination by the Department of Homeland Security as to whether Defendant may reopen his prior removal proceedings and if so, any ruling regarding whether any procedural errors occurred.

## I.    BACKGROUND

      Defendant was born in Michoacan, Mexico, and moved to the United States with his mother and siblings when he was two years old. (Presentence Investigation Report ("PSI") ¶ 33.) The family moved to Minnesota in 1995 and his family continues to reside here.

1

(Def.'s Mem. in Supp. of Mot. to Withdraw Plea, Doc. No. 29 ("Def.'s Mem."), at p. 2.) While Defendant's family members have legal status, Defendant does not. (PSI ¶ 32.)

On May 20, 2009, police officers were dispatched to a residence in Willmar, Minnesota in response to a 911 call involving a domestic disturbance. (Kandiyohi Compl., Doc. No. 35, Ex. 1.) Upon arrival, the officers encountered the Defendant who appeared intoxicated. (Id.) Defendant fought with the officers as they attempted to arrest him and remove him from the residence. (Id.) During the altercation, it is alleged that Defendant kicked an officer in the knee, repeatedly cursed at the officers, and spat on them several times. (Id.) While the squad car was en route to the jail, it is alleged that Defendant verbally threatened an officer, stating that he was going to "f*** him up" and called the officer a "Nazi Hitler bitch" and a "blue-eyed devil." (Id.) Upon arrival at the jail, the officers required assistance from a jailer to escort Defendant into the facility. (Id.) It is alleged that the Defendant continued to fight with the officers and kicked another officer in the kneecap. (Id.)

On May 21, 2009, Defendant was charged by criminal complaint in Kandiyohi County District Court with: (1) assault in the fourth degree—peace officer (spitting) in violation of Minn. Stat. § 609.2231, subd.1; (2) assault in the fourth degree—peace officer (kicking) in violation of Minn. Stat. § 609.2231, subd. 1; and (3) domestic assault in violation of Minn. Stat. § 609.2242, subd. 1(1). (Id.) Defendant pled guilty to Count 1 and the court dismissed the remaining Counts. (Pet. to Enter Plea of Guilty, Doc. No. 35, Ex. 2.) On August 10, 2009, the Kandiyohi County District Court sentenced Defendant to a term of imprisonment of one year and one day. (Sentencing Order, Doc. No. 35, Ex. 4.) The court

stayed the sentence for three years and Defendant was given credit for the 83 days he had served in custody. (Id.)

On August 12, 2009, United States Immigration and Customs Enforcement ("ICE") took custody of Defendant from the Minnesota Department of Corrections. (Warrant for Arrest of Alien, Doc. No. 35, Ex. 6.) ICE had placed an immigration detainer on Defendant following his assault conviction in Kandiyohi County District Court. (Immigration Detainer, Doc. No. 35, Ex. 7.) A Notice of Intent to Issue a Final Administrative Removal Order was issued and served on Defendant on August 12, 2009. (Notice of Intent to Issue a Final Administrative Removal Order, Doc. No. 35, Ex. 8.) The Notice stated that Defendant was deportable without a hearing before an immigration judge because he had been "convicted of an aggravated felony as defined in . . . 8 U.S.C. 1101(a)(43)(F)." (Id.) This Notice set forth the Defendant's rights and responsibilities in connection with the administrative removal proceedings, which were orally explained to him. (Id.) Specifically, the Notice stated "[y]ou must respond to the charges in writing to the Department . . . within 10 calendar days of service of this notice." (Id.) The Notice also stated "[y]ou have the right to remain in the United States for 14 calendar days so that you may file a petition for review of this order to the appropriate U.S. Circuit Court of Appeals." (Id.) Defendant refused to acknowledge receipt of this Notice. (Id.)

On August 25, 2009, a Final Administrative Removal Order was issued and served upon Defendant by an assistant Field Office Director. (Final Administrative Removal Order, Doc. No. 35, Ex. 9.) The Final Administrative Removal Order stated that the assistant Field Office Director found that Defendant has "a final conviction for an

3

aggravated felony . . . and [is] ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion." (Id.) At that time, Defendant waived his right to Petition for Review of this removal order. (Id.) On August 26, 2009, Defendant was removed from the United States to Mexico via the Port of Entry located at Laredo, Texas. (Warrant of Removal/Deportation, Doc. No. 35, Ex. 5.)

Defendant unlawfully reentered into the United States on or around May 15, 2011, without first obtaining the required permission from the federal government. (PSR ¶ 9.) On August 7, 2011, police officers were in the process of investigating a hit and run car accident when they conducted a traffic stop on a car being driven by Defendant in Willmar, Minnesota. (PSR ¶ 26.) The officers immediately suspected that Defendant was intoxicated and attempted to perform field sobriety tests and a preliminary breath test. (Id.) Defendant refused to submit to the tests and failed to provide the officers with his name or date of birth. (Id.) The officers administered an intoxilyzer test and found Defendant had a blood alcohol concentration of .25, which is over the legal limit. (Id.) Defendant was arrested and charged with a Driving While Intoxicated ("DWI") offense and providing false information to police. (Id.) Defendant pled guilty to the DWI charge in Kandiyohi County District Court on October 27, 2011 and was sentenced to 211 days in jail. (Id.) Defendant also received a concurrent sentence of 164 days for failing to comply with the terms and conditions of probation previously imposed by Kandiyohi County District Court in 2009 in connection with his prior sentence for assault. (Id.; Violation of Sentencing Order, Doc. No. 35, Ex. 10.)

In November 2011, Defendant encountered ICE officials performing Institution

Hearing Program ("IHP") duties at the Minnesota Correctional Facility ("MCF") in St. Cloud, Minnesota. (PSR ¶ 5.) ICE officials determined that Defendant was in the United States unlawfully and placed an immigration detainer on him. (Id.) The Government then charged Defendant by criminal complaint on January 24, 2012. (Doc. No. 1.) On February 6, 2012, a grand jury in the District of Minnesota returned a one count Indictment charging Defendant with unlawful reentry into the United States without permission following a prior deportation in violation of 8 U.S.C. § 1326(a). (PSR ¶ 1.) On April 4, 2012, Defendant appeared before this Court and entered a guilty plea to the one count Indictment. (Doc. No. 20.)

## II.   ANALYSIS

Federal Rule of Criminal Procedure 11(d) sets forth the circumstances under which a guilty plea can be withdrawn. The Rule states, in pertinent part:

> A defendant may withdraw a plea of guilty . . . : (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal.

The defendant bears the burden of proving why withdrawal of his guilty plea should be permitted. United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005). Once the defendant has shown a "fair and just reason," a court may then also consider "whether the defendant asserts his legal innocence of the charge, the length of time between the plea and the motion to withdraw, and whether the government will be prejudiced by the withdrawal." United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (citation omitted).

To convict a defendant of illegal reentry after deportation, the government must prove: (1) the defendant is an alien; (2) the defendant was previously deported from the

United States; and (3) the defendant was found in the United States without consent of the Federal Government. 8 U.S.C. § 1326. Defendant pled guilty to violating 8 U.S.C. § 1326 because he is an alien, he was previously deported from the United States in 2009 after he had pled guilty then to violating Minnesota Statute § 609.2231, and he returned to the United States without government consent.

Defendant urges the Court that there is a "fair and just reason" to allow him to withdraw his guilty plea. He argues that at the time of his removal proceeding in 2009, he was eligible for voluntary departure under 8 U.S.C. § 1229c because his crime was not an aggravated felony as defined by the Immigration Code, federal statute, and the Sentencing Guidelines. Defendant contends that he was not advised of this fact and thus he was processed as someone convicted of an aggravated felony and denied an opportunity to appear before an immigration judge. That error, he contends, was so serious that it tainted the entire removal proceeding and caused it to fall short of the due process to which he was entitled.

Defendant invokes the Supreme Court's decision in United States v. Mendoza-Lopez, 481 U.S. 828 (1987), in which the Court held that in order to rely on a prior deportation as an element of the crime of unlawful re-entry, the proceedings leading up to a deportation must comport with principles of due process. In 1996, Congress amended § 1326 to provide a means for collaterally attacking removals on which the government seeks to rely to establish § 1326 violations. Section 1326(d) authorizes a collateral attack on an underlying removal if the following three conditions are met: (1) the alien has exhausted the administrative remedies that offer relief from the removal order; (2) the removal order was

the result of proceedings that deprived the alien of an opportunity for judicial review; and (3) the alien has shown fundamental unfairness. 8 U.S.C. § 1326(d)(1)–(3).

The Government responds that the Defendant has not met his burden to show a "fair and just" reason to withdraw his guilty plea. The Government argues that the Defendant was advised of his rights and the finality of the plea and was provided sufficient time on and off the record to ensure that he understood his plea agreement. The Government also contends that the Defendant's fourth degree assault conviction in 2009 qualifies as an aggravated felony and therefore he was not improperly denied an opportunity to appear before an immigration judge to seek voluntary departure. Alternatively, the Government asserts that even if the Defendant's fourth degree assault conviction was not an aggravated felony, Defendant does not meet the requirements of § 1326(d) because he did not exhaust his administrative remedies, the deportation proceedings did not deprive him of the opportunity for judicial review, and the removal order was not fundamentally unfair or a violation of his due process rights.

Having reviewed the parties' arguments and relevant case law, the Court will defer ruling on Defendant's motion to give him an opportunity to file a petition with the Department of Homeland Security ("DHS") to reopen his immigration proceedings. The Court agrees with Defendant that, if DHS reopens his immigration proceeding and determines that it improperly failed to provide him a hearing before an immigration judge, then a fair and just reason would exist to allow Defendant to withdraw his guilty plea.[1]

---

[1] The Court also finds that it is not necessary to rule on Defendant's Motion to Withdraw Plea for Limited Purpose of Assessing Legality of Prior Deportation in order

## III.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:** The Court **DEFERS** ruling on Defendant's Motion to Withdraw Plea for Limited Purpose of Assessing Legality of Prior Deportation (Doc. No. 27).

Dated: February 1, 2013         s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge

---

for Defendant to petition to reopen his immigration proceedings.  See Avila-Santoyo, 481 F. App'x 566, 569 (11th Cir. 2012) (noting that the defendant moved to reopen his removal proceedings after the district court denied his motion to withdraw his guilty plea).  Defendant can make DHS aware of this Order and the fact that this Court will stay sentencing until DHS rules on Defendant's petition.